```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY J. McKNIGHT           :    CIVIL ACTION
                              :
          v.                  :
                              :
THOMAS CORBETT, et al.        :    NO. 09-5785
```

ORDER

AND NOW, this 23rd day of November, 2011, upon consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Docket No. 16), and the petitioner's Objections to Magistrate Judge Strawbridge's Report and Recommendations (Docket No. 18), IT IS HEREBY ORDERED that:

    1. The Report and Recommendation is APPROVED and ADOPTED;

    2. The petitioner's objections are OVERRULED;

    3. The Petition for Writ of Habeas Corpus is DENIED;

    4. A certificate of appealability SHALL NOT issue, as the petitioner has not made a substantial showing of the denial of a constitutional right.

    5. The Clerk of Court shall mark this case CLOSED for statistical purposes.

    The Court conducted an independent review of McKnight's petition for writ of habeas corpus, the respondent's answer, the petitioner's response, Judge Strawbridge's Report and

Recommendation, and the petitioner's objections to the Report and Recommendation. The Court notes that the petitioner's objections to Judge Strawbridge's Report and Recommendation do not raise any specific objection to Judge Strawbridge's findings or legal conclusions. Rather, the objection restates many of the general complaints raised in McKnight's petition and his response to the respondent's answer to the petition, which Judge Strawbridge considered.

The Court writes only with respect to a minor point regarding the petitioner's claim that the prosecutor engaged in racial and gender-based discrimination during selection of the jury, in violation of the Fourteenth Amendment under <u>Batson v. Kentucky</u>, 479 U.S. 79 (1986). Judge Strawbridge concluded that this claim was both unexhausted and procedurally defaulted. Judge Strawbridge found that the petitioner failed to raise the <u>Batson</u> claim in his "Statement of Matters Complained of on Appeal" as required by Rule 1925(b) of the Pennsylvania Rule of Appellate Procedure or in any of his three Post Conviction Relief Act ("PCRA") petitions. Although the petitioner did raise the <u>Batson</u> claim in his appeal from the denial of his PCRA petitions, the Superior Court did not address the merits of the claim.

As a factual matter, an argument can be made that the petitioner raised the <u>Batson</u> claim in his 1925(b) Statement, albeit in reference to his complaints of ineffective assistance

of counsel.  See Petitioner's 1925(b) Statement ¶ 2(b)(5), (c)(10) [Petitioner's Reply Br., Ex. P-17].  In addition, in his first petition for post conviction relief, the petitioner says "[the DA] struck the first three African-American female prospective jurors because of their race and gender."  See Petition for Post Conviction Collateral Relief ¶¶ 12-27 [Reply Br., Ex. P-1].

The Court does not need to resolve this factual matter however, as the result on the merits is the same.  When an issue is unexhausted but not addressed by the state court, the district court analyzes the issue de novo.  Lark v. Sec'y Pa. Dept. of Corrections, 645 F.3d 596, 618 (3d Cir. 2011).  Judge Strawbridge conducted a de novo review of the petitioner's Batson challenge and concluded that the claim is without merit.  The Court adopts that conclusion.

Accordingly, the Court overrules petitioner's objections and approves and adopts the Report and Recommendation.  McKnight's petition for a writ of habeas corpus is therefore dismissed and denied.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.